G. C. VAUGHT *v.* VIRGINIA & SOUTHWESTERN RAILROAD.*

(*Knoxville.*  September Term, 1915.)

DEATH.  Federal employers'. liability act.  Limitation.  New
   action.

Under the federal Employers' Liability Act (Act Cong. April 22,
   1908, ch. 149, 35 Stat. 65 [U. S. Comp. St. 1913, secs. 8657-8665]),
   giving a right of action for the death of a railroad employee
   while engaged in interstate commerce, which may be brought
   in the State courts conditioned on suit being brought within two
   years from the day the cause of action accrued, the limitation
   of the remedy is necessarily a limitation of the right to sue at
   all, so that Shannon's Code, sec. 4446, providing that if an
   action is commenced within the time limited, and the judgment
   against plaintiff is rendered upon a ground not concluding his
   right of action, or the judgment for plaintiff is arrested or re-
   versed, the plaintiff may commence a new action within one
   year, does not apply; and hence plaintiff, whose suit under the
   act, brought within two years, was terminated by a voluntary
   nonsuit, could not maintain a suit brought within one year from
   the termination of the former suit.

Case cited and approved:  Harrisburg v. Rickards, 119 U. S., 199.

Cases cited and distinguished:  Morrison v. B. & O. R. R., 40
   App. D. C., 391; Gardner Lumber Co. v. Boomer *et al.,* 106 C. C.
   A., 168.

Code cited and construed:  Sec. 4446 (S.).

---

FROM SULLIVAN.

---

Appeal from the Law Court of Sullivan County.—
DANA HARMON, Judge.

---

*On the constitutionality, application and effect of Federal
Employers' Liability Act see notes in 47 L. R. A. (N. S.), 38, L. R. A.,
1915C, 47.

A. H. BLANCHARD and LINDSAY, YOUNG & DONALDSON, for appellant.

MR. JUSTICE FANCHER delivered the opinion of the Court.

Suit was brought by the administrator of W. R. Campbell averring a cause of action under the federal Employers' Liability Act, for the wrongful killing of his intestate while in the service of the defendant. A demurrer to the declaration was sustained by the trial judge and by the court of civil appeals.

The second ground of demurrer is to the effect that the action is barred by the limitation of two years contained in the federal Employers' Liability Act. The plaintiff brought suit under this act within two years, but it was terminated by a voluntary nonsuit taken by the plaintiff with the permission of the court, and the present suit was brought within one year from the termination of the former suit.

Plaintiff therefore avers that he is entitled to maintain the action under section 4446, Shannon's Code, which is as follows:

"If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time,

commence a new action within one year after the reversal or arrest."

The right to sue under the Employers' Liability Act is conditioned on suit being brought within two years from the day the cause of action accrued. The liability and the remedy are created by the same statutes, and the limitation of that remedy is necessarily a limitation of the right. See *Harrisburg* v. *Rickards,* 119 U. S., 199, 7 Sup. Ct., 140, 30 L. Ed., 362.

While the question has not been directly disposed of so far as we know, upon reason it cannot be true that there must be different rules of limitation in the States, depending upon State statutes extending time or granting a saving of limitation. The conclusion is inevitable that the federal government did not intend for the limitation of this right to be changed or altered by the statute of any particular State.

The case of *Morrison* v. *B. & O. R. R.,* 40 App. D. C., 391, Ann. Cas., 1914C, 1026 (a District of Columbia case), construed the limitation of one year in the former Employers' Liability Act of June 11, 1906 (34 Stat. 232, ch. 3076). While, not an opinion of the highest federal court, it is well considered. It was averred that suit was delayed under an agreement with the defendant, which agreement was made for the fraudulent purpose of inducing delay until the expiration of the period of limitation, and that the agreement had been violated. The court said:

"The time within which the suit must be brought operates as a limitation of the liability itself as created,

and not of the remedy alone. It is a condition attached to the right to sue at all. . . . Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right.''

The terms of limitation of the act of 1906 (which act was held invalid, except in the District of Columbia and territories of the United States) are the same as those in the present law, except the period of time has been extended from one to two years..

Upon this question, Thornton in his work on the Federal Employer's Liability and Safety Appliance Act (2 Ed.), sec. 114, pp. 173, 174, states the rule as follows:

''The action must be brought within two years after the death of the injured person, and the time is not extended by the pendency or dismissal of a former action, as allowed by some Codes in the ordinary cases. The statute requiring action to be brought within two years is not, strictly speaking, a statute of limitations, which must be specifically pleaded, but is an absolute bar, not removable by any of the ordinary exceptions of that statute.''

A similar proposition was passed upon by the federal circuit court of appeals (eighth circuit) in the case of *Tom J. Gardner Lumber Company* v. *Boomer et al.,* 106 C. C. A., 168, 183 Fed., 730. That was an action under the federal statute requiring bonds to be

Vaught v. V. & S. W. R. R.

given by contractors doing government work for the benefit of furnishers of material, etc., being an act of Congress of February 24, 1905 (33 Stat. 811, ch. 778 [U. S. Comp. St. 1913, sec. 6923]), in which act a limitation was fixed of one year after the performance of final settlement of contract for the enforcement of the right given. Suit had been brought in the State court of Colorado, and dismissed, and was again brought in the federal court, after the lapse of one year. Plaintiff relied upon the Colorado statute, which permitted the commencement of a new action within one year after dismissal without trial upon the merits. It was insisted that the State statute should govern under section 721, Revised Statutes of the United States (U. S. Comp. St. 1913, sec. 1538), which provides that:

"The laws of the several States, except where the constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

The federal court refused to adopt the application of the Colorado statute and used the following language:

"When the United States have enacted a statute of limitations as to a cause of action created by them, there is no room for the application of the statute of limitations prescribed by another sovereignty. It is only where the constitution, treaties, and statutes of the United States do not otherwise require or provide that the laws of the several States shall be regarded as

rules of decisions in trials at common law in the courts of the United States in cases where they apply.''

We think these authorities are sound. It was not the intention of Congress, upon enactment of this law to permit any variation of its terms by the legislatures of the States; but the intention is clear from the rules of law applying in such matters, as well as well as upon reason, that Congress, in taking over the control of this whole subject, intended that the limitation of two years was a condition upon the right to sue at all. The statute created a right of action which did not before exist. The condition to that right was that suit should be instituted within two years from the date the right of action accrued. While Congress gave the right to institute the action in the State courts, this does not change the rule so well settled in other actions of like character predicated upon federal statutes. The act broadened the forum within which suit might be instituted, and extended it to the State courts; but it is nevertheless a federal law. There is no provision in the federal act giving the right, upon voluntary nonsuit, to institute a new action after the expiration of the two years.

It results that we find no error in the judgment of the court and civil appeals, and it is affirmed.