CHARLES HOMER BRENEMAN, Plaintiff in Error, v. CINCINNATI, NEW ORLEANS AND TEXAS PACIFIC RAILWAY COMPANY, Defendant in Error. — 346 S. W. (2d) 273.

Eastern Section. January 6, 1961.

Certiorari Denied April 5, 1961.

Vanderveer & Brown, Chattanooga, for plaintiff in error.

Whitaker, Hall & Haynes, Chattanooga, for defendant in error.

McAMIS, P. J.  Charles Homer Breneman instituted this suit on June 25, 1959, against his employer, Cincinnati, New Orleans and Texas Pacific Railway Company, to recover for personal injuries he claims to have sustained during a switching operation on May 10, 1956, as the result of an asserted violation by defendant of the Safety Appliance Act, 45 U. S. C. A. sec. 2, providing:

"It shall be unlawful for any common carrier engaged in interstate commerce by railroad to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars."

At the conclusion of plaintiff's proof, defendant's demurrer to the evidence was sustained and the suit dismissed on the ground that, under the undisputed evidence, the suit is barred by the Federal Employers' Liability Act, 45 U. S. C. A. sec. 56, providing:

"No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

Plaintiff on June 9, 1958, had instituted suit on the same cause of action in the Federal District Court. On July 31, 1959, he was allowed by that court to take a voluntary nonsuit without prejudice. He has appealed from the dismissal of his action in the State Court insisting the Court erred in not holding his suit saved by T. C. A. sec. 28-106, allowing a suitor one year within which to re-institute suit after a dismissal of a prior action otherwise than upon the merits. He insists that, under the modern holdings of the Federal Courts, the Court erroneously applied the doctrine of Vaught v. Virginia & S. W. R. R., 132 Tenn. 679, 179 S. W. 314, that the limitation period of three years provided by the Federal Employers' Liability Act, above quoted, affects the right and not the remedy and, therefore, an action under that Act is not within the purview of the saving provisions of T. C. A. sec. 28-106.

Plaintiff offered proof from which a jury might find that he was injured as the result of violation of the Safety Appliance Act. Upon reporting the accident to his superior, defendant sent him to its doctor who, according to plaintiff's proof, misadvised him that he needed only heat treatment and could safely return to his job. He testified that, acting on the doctor's instructions, he did return to his job and last worked November 23, 1958. In the meantime he suffered such discomfort that he finally went to his own physician, Dr. Canon, for treatment. There is evidence that, with the improvement resulting from an operation performed by Dr. Canon, plaintiff will

have a permanent, partial disability of approximately fifteen per cent.

In Vaught v. Virginia & S. S. W. R. R., supra, the plaintiff sued under the Federal Employers' Liability Act within two years of his alleged injury but his suit was terminated by a voluntary nonsuit. The second suit was brought within one year thereafter. The defendant demurred on the ground that the second suit had not been instituted within the period of two years then required by the Act. To meet the demurrer plaintiff then invoked what is now T. C. A. sec. 28-106, providing:

"If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest."

The Supreme Court in an opinion by Mr. Justice Fancher citing Harrisburg v. Rickards, 119 U. S. 199, 7 S. Ct. 140, 30 L. Ed. 358, 362, said:

"The right to sue under the Employers' Liability Act is conditioned on suit being brought within two years from the day the cause of action accrued. The liability and the remedy are created by the same statutes, and the limitation of that remedy is necessarily a limitation of the right. * * *

"While the question has not been directly disposed of so far as we know, upon reason it cannot be true that

there must be different rules of limitation in the States, depending on State statutes extending time or granting a saving of limitation. The conclusion is inevitable that the federal government did not intend for the limitation of this right to be changed or altered by the statute of any particular state.''

In the concluding portion of the opinion it was said:

''While Congress gave the right to institute the action in the State courts, this does not change the rule so well settled in other actions of like character predicated upon federal statutes. The act broadened the forum within which suit might be instituted, and extended it to the State courts; but it is nevertheless a federal law. There is no provision in the federal act giving the right, upon voluntary nonsuit, to institute a new action after the expiration of two years.''

It is apparent that the holding in the Vaught case was predicated entirely upon the Federal holding at that time prevailing that the period of limitation fixed by the Act affects the right rather than the remedy. In that view no State statute could be given the effect of extending the time for bringing suit beyond the period fixed by the Federal Act. If, as plaintiff insists, the Federal holdings are now to the contrary the Vaught case is no longer authoritative and it becomes our duty to apply the Federal law as it now exists. In addition to the clear implication of the Vaught opinion that Federal law controls, see Scarborough v. Atlantic Coast Line R. Co., 4 Cir., 1953, 202 F. (2d) 84.

Although there is a conflict in the Federal cases, we think, Glus v. Brooklyn Eastern Dist. Terminal, 359 U. S. 231, 79 S. Ct. 760, 4 L. Ed. (2d) 770, has effected a change

in the rule of earlier cases. In that case the Supreme Court reversed the holdings of the District Court and of the Circuit Court of Appeals that the defense of estoppel is not available against the statute of limitations because the limitation upon the time to sue is an integral part of the Act creating the right and, therefore, could not be extended by any act of the defendant.

Scarborough v. Atlantic Coast Line R. Co., 4 Cir., 178 F. (2d) 253, 259, 15 A. L. R. (2d) 491, certiorari denied 339 U. S. 919, 70 S. Ct. 621, 94 L. Ed. 1343, was an action under the Federal Employers' Liability Act. The injured employee sought to excuse his failure to sue within three years on the ground of a fraudulent misrepresentation of defendant's claim agent that his claim would be paid and there was no need to bring suit, as a result of which plaintiff waited more than three years to sue. After a careful review of the authorities and the basis of prior holdings adhering to the distinction between statutes barring the right and those merely barring the remedy, Judge Dobie, in an unusually well reasoned and logical opinion, rejected the distinction as illogical and unjust.

After referring to cases upholding and applying the distinction including a number by the Circuit Courts of Appeal, Judge Dobie observed:

"The decisions in the Osbourne [Osbourne v. United States, 2 Cir., 164 F. (2d) 767] and Frabutt [Frabutt v. New York, Chicago & St. Louis R. Co., D. C., 84 F. Supp. 460] cases, supra, show clearly that there is a chink in the supposedly impregnable armor of the substantive time limitation of the Act. If, as those cases decided, there is one exception (war), surely the infinite variety of human experience will disclose others. Those cases

demonstrate that a claim under the Act is not a legal child born with a life span of three years, whose life must then expire, absolutely, under all circumstances. * * *

"Each type of statute, after all, still falls into the category of a statute of limitations. And this is none the less true even though we call a remedial statute a pure statute of limitations and then designate the substantive type as a condition of the very right of recovery. There is no inherent magic in these words.

"It has often been said that a primary purpose of statutes of limitations in general has been the prevention of fraud. It is freely conceded by appellee here that fraud will toll the running of the so-called remedial statute of limitations. We cannot see a distinction and a difference, so clear and so real, between the two classes of statutes of limitations—the remedial and the substantive—as to justify the courts in fully giving effect to fraud in tolling the statute in one type (remedial) and then flatly denying that effect to fraud in the other type (substantive). The ancient maxim that no one should profit by his own conscious wrong is too deeply embedded in the framework of our law to be set aside by a legalistic distinction between the closely related types of statutes of limitations.

"Here the proper approach is not technical and conceptualistic. Rather, we think should it be realistic and humane. The spirit, not the letter, should control. Qui haeret in litteris, haeret in cortice.

"For the reasons above stated, we think the fraud set out in the plaintiff's complaint herein would operate to extend the period within which an action must be brought on a claim arising under the Act. The District Court

erred in holding otherwise. Accordingly, the judgment of the District Court is reversed and the case is remanded to that court with instructions to grant a new trial in accordance with this opinion.''

To the same effect is Fravel v. Penn. R. Co., D. C. Md., 104 F. Supp. 84, holding broadly that, in an action under the Act, fraud will toll the running of the limitation period. In that case, as here, the claimant relied upon the representations of the Company's doctor as to the nature and extent of his injuries.

In the 1960 supplement to 34 Am. Jur. p. 61, it is stated without equivocation:

''The rule stated in the text no longer has any validity under federal law.''

Following this statement there appears a synopsis of the Glus and Scarborough cases, supra.

Also persuasive on this Court are decisions of our Supreme Court holding that although a limitation period is coupled with the right in the Act creating Workmen's Compensation benefits for injured employees so that the limitation on the right to sue could be considered subsantive rather than remedial, fraudulent concealment or physical disability will in a proper case toll the limitation. Watson v. Proctor & G. Defense Corp., 188 Tenn. 494, 221 S. W. (2d) 528; McBrayer v. Dixie Mercerizing Co. et al., 176 Tenn. 560, 144 S. W. (2d) 764.

We are not unmindful that the saving statute, T. C. A. sec. 28-106, applies only to a statute of limitations which relates to the remedy. Automobiles Sales Co. v. Johnson, 174 Tenn. 38, 122 S. W. (2d) 453, 120 A. L. R. 370. As we have seen, however, under the Federal law

the distinction has been abolished and is no longer recognized with respect to actions under the Federal Employers' Liability Act. The limitation being procedural only a new action may be instituted within one year after a voluntary dismissal.

It results that the judgment must be reversed and the cause remanded for a new trial. Costs of appeal are taxed to defendant in error. Costs accrued and to accrue will abide the final result.

Hale, J., concurs.

Cooper, J., did not participate.