Thomas N. HOGE, Plaintiff-Appellee,

v.

ROY H. PARK BROADCASTING OF TENNESSEE, INC., Defendant-Appellant.

Court of Appeals of Tennessee, Eastern Section.

March 16, 1984.

Permission to Appeal Denied by Supreme Court July 2, 1984.

William P. Hutcheson, Frank P. Pinchak and Gary W. England of Hutcheson, Moseley, Pinchak & Powers, Chattanooga, for defendant-appellant.

Wendell L. Payne of Stanley, Burnette & Payne, Chattanooga, for plaintiff-appellee.

OPINION

FRANKS, Judge.

The issue presented by this interlocutory appeal is whether this action for alleged discrimination in employment on account of age was timely filed.

The complaint, which was filed April 20, 1983, alleges plaintiff was improperly discharged by defendant on April 23, 1982. At no time had plaintiff filed any charge of employment discrimination with the United States Department of Labor, the Equal Employment Opportunity Commission or the Tennessee Human Rights Commission. Defendant filed a motion to dismiss, insisting that the 180 day limitation on filing complaints with the Tennessee Human Rights Commission, contained in T.C.A., § 4–21–115(a), bars this suit. Responding to the motion, the chancellor concluded:

> This is an action for alleged discriminations in employment on account of age brought pursuant to the provisions of T.C.A. § 4–21–124. The Defendant moved to dismiss on the grounds that the action was untimely as not brought within 180 days of the alleged discriminatory act.
>
> Tennessee law provides three (3) ways in which a victim of alleged employment discrimination may proceed. First of all, he may file administratively through the Tennessee Commission for Human Development (now Tennessee Human Rights Commission), T.C.A. §§ 4–21–115 to 120. Said filing must be done within 180 days of the alleged discriminatory act, T.C.A. § 4–21–115(a). If the victim chooses the administrative route, the second way to proceed would follow the final decision of the Commission. That would be to file a complaint with the Chancery Court to review the decision of the administrative agency, T.C.A. § 4–21–120. The third way to proceed, chosen by the Plaintiff in this case, is to file a direct action in the Chancery Court, T.C.A. § 4–21–124.

The chancellor concluded that the action was timely filed but was of the opinion the legislature had not enacted a statute of limitations applicable to the direct chancery court action.

The complaint alleges age discrimination in employment, a practice prohibited by § 4–21–101, *et seq.* The provisions of the Act relating to the alleged age discrimination are contained in T.C.A., § 4–21–125, which provides:

§ 4–21–125. *Age as bona fide occupational qualification—Age-related seniority or benefit plans.*—It shall not be unlawful for an employer, employment agency or labor organization:

(1) To discriminate in employment on the basis of age where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable factors other than age; or

(2) To observe the terms of a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter, except that no such employee benefit plan shall excuse the failure to hire any individual, and no such seniority system or employee benefit plan shall require or permit the involuntary retirement of any individual specified by the amendatory language of § 4–21–101(b) because of the age of such individual, unless otherwise provided by law.

The substantive provisions of this code section are virtually identical to the Federal Age Discrimination in Employment Act, 29 U.S.C., § 623(f)(1) and (2), which provides:

*Lawful practices; age as occupational qualification; other reasonable factors; seniority system; employee benefit plans; discharge or discipline for good cause.*

(f) It shall not be unlawful for an employer, employment agency, or labor organization—

(1) to take any action otherwise prohibited under subsections (a), (b), (c), or (e) of this section where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable factors other than age;

(2) to observe the terms of a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter, except that no such seniority system or employee benefit plan shall require or permit the involuntary retirement of any individual specified by section 631(a) of this title because of the age of such individual; . . .

Significantly, in 1980, when the legislature amended the original Act to add a cause of action for age discrimination, it also amended the Act concerning the purpose and intent of the Act to expressly include as one of the purposes: "to provide for execution within Tennessee of the policies embodied in . . . the Age Discrimination in Employment Act of 1967" (29 U.S.C. §§ 621–634), Acts 1980, ch. 732, now codified at T.C.A., § 4–21–101.[1]

1. T.C.A., § 4–21–101. *Purpose and intent.*—(a) It is the purpose and intent of the general assembly by this enactment to provide for execution within Tennessee of the policies embodied in the Federal Civil Rights Acts of 1964, 1968 and 1972 and the Age Discrimination in Employment Acts of 1967, as amended; and to assure that Tennessee has appropriate legislation prohibiting discrimination in employment, and public accommodations sufficient to justify the deferral of cases by the federal equal employment opportunity commission, the secretary of labor and the department of justice under those statutes; to safeguard all individuals within the state from discrimination because of race, creed, color, religion, sex, age or national origin in connection with employment and in connection with public accommodations; to protect their interest in personal dignity and freedom from humiliation; and to make available to the state their full productive capacities in employment; to secure the state against domestic strife and unrest which would menace its democratic institutions; to preserve the public safety, health and general welfare; and to further the interest, rights and privileges of individuals within the state.

Defendant argues that since the legislature sought to follow the policies of the Federal Acts, either the 180 day or 300 day limitation periods for filing an age discrimination claim are applicable to this claim, since the Federal Act does not permit a claimant to file suit until the claimant has given the Secretary of Labor 60 days notice of an intent to file suit and the notice must be filed within 180 days of the alleged discriminatory act. 29 U.S.C. 626(d).

■ Where federal statutes create a right of action, any time limitation imposed therein controls as to time allowed for bringing suit in state courts. 51 Am. Jur.2d, *Limitations of Actions,* § 75. *Accord: Vaught v. V. & S.W.R.R.,* 132 Tenn. 679, 179 S.W. 314 (1915), *but cf. Breneman v. C.N.O. & T.P. Ry. Co.,* 48 Tenn.App. 290, 346 S.W.2d 273 (1961), which held if the federal limitation is deemed procedural the state limitation is applicable.[2]

T.C.A., § 4–21–124[3] authorizes a claimant to file a direct chancery court action which is not conditional upon the filing of any notice of intent to sue and, while the legislature adopted a 180 day limitation for administrative review, administrative review is not a condition precedent to maintaining direct action in chancery court under § 4–21–124.

■ A state statute authorizing a civil action for age discrimination which does not require the claimant to first file with a state agency before filing suit is not governed by the provisions of the Federal Act. *See Hadfield v. Mitre Corp.,* 562 F.2d 84 (1st Cir.1977); *Lugo Garces v. Sagner International, Inc.,* 534 F.2d 987 (1st Cir. 1976). Accordingly, we conclude the limiting provisions of the Federal Act are inapplicable to this action.

By enacting T.C.A., § 4–21–124, the legislature has provided a cause of action for actual damages, cost and attorney fees for violation of T.C.A., § 4–21–101, *et seq.,* "all of which shall be in addition to any other remedies contained in this chapter." Chapter 21 provides, in effect, for the execution in this state of the Federal Civil Rights Acts of 1964, '68 and '72 and the Age Discrimination in Employment Act of 1967.

■ In determining the applicable limitation of actions statute, the courts look to the substance rather than the form of the complaint. *Carney v. Smith,* 222 Tenn. 472, 437 S.W.2d 246 (1969). Since the substance of the complaint alleges a federal civil rights statutory violation,[4] Tennessee's general statute of limitations for actions brought in state courts is applicable in the absence of a specific statute of limitation. T.C.A., § 28–3–104 provides, in pertinent part:

T.C.A., §. 28–3–104.

(a) Actions ... brought under the federal civil rights statutes, ... shall be commenced within one (1) year after cause of action accrued.

The complaint was timely filed for relief available under T.C.A., § 4–21–124. The cause is remanded for further proceedings at appellant's cost.

PARROTT, P.J., and SANDERS, J., concur.

---

(b) The prohibitions in this chapter against discrimination because of age in connection with employment and in connection with public accommodations shall be limited to individuals who are at least forty (40) years of age but less than seventy (70) years of age.

2. There is a split of authority in the federal circuits as to whether the filing limitations in the Federal Acts are subject to equitable tolling. *See e.g., Daughtry v. Kings Department Stores, Inc.,* 608 F.2d 906 (1st Cir.1979); *Dartt v. Shell Oil Co.,* 539 F.2d 1256 (10th Cir.1976), *aff'd* by an equally divided court, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977); *Wright v. State of Tenn.,* 613 F.2d 647 (6th Cir.1980).

3. T.C.A., § 4–21–124. *Civil action—Injunction—Damages, costs, attorneys fees.*—Any person deeming himself or herself injured by any act in violation of the provisions of this chapter shall have a civil cause of action in chancery court to enjoin further violations, and to recover the actual damages sustained by him or her, together with the costs of the lawsuit, including a reasonable fee for his or her attorney of record, all of which shall be in addition to any other remedies contained in this chapter.

4. 15 Am.Jur.2d, *Civil Rights,* § 3, pp. 282–3.