# IN THE COURT OF APPEALS OF TENNESSEE

# FILED

**October 26, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**AT NASHVILLE**

| | | |
|---|---|---|
| **RONALD L. DAVIS,** | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Maury Circuit No. 7738 |
| | ) | |
| **v.** | ) | |
| | ) | Appeal No. 01A01-9903-CV-00159 |
| **JAMES L. WEATHERFORD, SENIOR,** | ) | |
| **JUDGE, et al.,** | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

APPEAL FROM THE CIRCUIT COURT OF MAURY COUNTY
AT COLUMBIA, TENNESSEE

THE HONORABLE JIM T. HAMILTON, JUDGE

For the Plaintiff/Appellant:

Ronald L. Davis, Pro Se
Only, Tennessee

For the Defendant/Appellee, Kathy Kelley:

William H. Dale, Jr.
Columbia, Tennessee

For the Defendants/Appellees, Judge
James L. Weatherford, Robert C.
Sanders, William C. Bright and
Shara A. Flacy:

Paul G. Summers
Michael E. Moore
Martha A. Tarleton
Nashville, Tennessee

**AFFIRMED**


HOLLY KIRBY LILLARD, J.


CONCURS:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

This is a civil rights case filed by a prisoner. The plaintiff was convicted in 1982 of aiding and abetting second degree murder. On July 14, 1997 he filed a civil rights claim against the judge who presided at his trial, the prosecutor who prosecuted his case, his court appointed public defender, the director of the public defender's office, and the county court clerk, alleging that they had conspired to deprive him of his constitutional rights. Four of the defendants filed a motion to dismiss for failure to state a claim. The remaining defendant, the court clerk, filed a motion for summary judgment. The trial court granted both motions. The plaintiff appeals. We affirm.

Plaintiff/Appellant Ronald L. Davis ("Davis") was convicted on November 13, 1982, in the Maury County Circuit Court of aiding and abetting second degree murder, and sentenced to 99 years in prison. Judge James C. Weatherford ("Weatherford") presided at his trial. The prosecutor was Assistant District Attorney General Robert C. Sanders ("Sanders"). Davis was represented by William C. Bright ("Bright") of the Maury County Public Defender's Office. Davis' conviction was affirmed on direct appeal on September 11, 1984. His application for permission to appeal to the Tennessee Supreme Court was denied on January 7, 1985.

Davis filed a post-conviction petition in 1984, which was dismissed by the Circuit Court in 1985. On May 13, 1986, the Court of Criminal Appeals upheld the dismissal. On May 8, 1996, Davis filed a motion to reopen his post-conviction petition. In this motion, Davis alleged that Sanders had made discriminatory statements at his trial, that there was discrimination in the selection of jury members, evidenced by the lack of women or minorities on the jury, and that Judge Weatherford, Prosecutor Sanders, Attorney Bright, and Shara A Flacy ("Flacy"), Director of the Maury County Public Defender's Office, had all engaged in a conspiracy to prevent him from having these discrimination charges heard in court.

On July 3, 1997, Judge Weatherford held a hearing on Davis' motion to reopen the post-conviction petition. Davis alleges that, at that hearing, Sanders told Judge Weatherford that Davis' motion had been dismissed by Weatherford in June 1996.[1] Davis says that he never received notice of

the dismissal of his motion.

On July 14, 1997, Davis filed a civil rights complaint against Weatherford, Sanders, Bright, Flacy, and Maury County Court Clerk Kathy Kelly ("Kelly"). He alleged that Weatherford, Sanders, Bright and Flacy deprived him of his constitutional rights, both during his original trial and in the post-conviction proceedings by, *inter alia*, discriminating against him because of his race, making arbitrary and capricious decisions regarding his post-conviction motions, and engaging in a conspiracy to prevent him from having meaningful access to the courts, in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1985, and Tennessee Code Annotated § 28-3-104. He alleged that Kelly participated in the conspiracy by failing to notify him of Weatherford's June 1996 dismissal of his motion to reopen his post-conviction petition.

Davis' claim against Sanders is based on discriminatory statements Sanders allegedly made at or during his trial, and on Sanders's participation in the purported conspiracy to prevent the charges of discrimination from being heard. Davis' claim against Weatherford is based on Weatherford allowing an all white, male jury at Davis' 1982 trial, on Weatherford's refusal to grant Davis' 1997 request for another court-appointed attorney to replace Bright on his motion to reopen the post-conviction petition, and on Weatherford's participation in the alleged conspiracy to discriminate against him and prevent his allegations of discrimination from being heard in court. Davis' claim against Bright is based on Bright's participation in the general ongoing conspiracy, on Bright's refusal to amend Davis' 1996 motion to reopen the post-conviction petition to include allegations of discrimination that Davis wanted heard, and on Bright's alleged lack of response to Davis' phone calls and letters. Davis asserts that Flacy was part of the general conspiracy, and that Flacy condoned and ratified Bright's actions. Davis bases the claim against Circuit Court Clerk Kelly on her purported failure to notify him of Weatherford's June 1996 order dismissing Davis' motion to reopen his post-conviction petition.

Davis sought a declaratory judgment that the defendants' alleged actions violated his rights under the United States and Tennessee Constitutions, a preliminary and permanent injunction requiring Judge Weatherford to grant him a hearing on his alleged discrimination claims, and a trial by jury on all triable

matters.  Davis also asked for an order requiring Sanders to remove himself from the case, and requiring

Weatherford to appoint other counsel to replace Bright.  Finally, Davis

sought damages of $75,000 for mental anguish and emotional distress, and $100,000 for pain and suffering.

On August 11, 1997, defendant Kathy Kelly filed a motion for summary judgment. In support of her summary judgment motion, Kelly submitted an affidavit asserting that she had followed the usual and proper procedures in filing the June 1996 Order dismissing Davis' post conviction petition, and that no order had yet been entered from the July 3, 1997 hearing. She denied participation in any conspiracy. On August 12, 1997, the other four defendants filed a motion to dismiss for failure to state a claim. The motion to dismiss was based on the doctrines of immunity, *res judicata*, and collateral estoppel, as well as the applicable statute of limitations. On October 1, 1998 the trial court dismissed with prejudice the claims against Weatherford, Sanders, Bright and Flacy. The trial court did not elaborate on its reasons for granting the defendants' motion to dismiss.

Davis filed a Notice of Appeal on October 7, 1998. That appeal was dismissed without prejudice because the judgment of the trial court was not final, since Davis' claim against Kelly was still outstanding.

On February 4, 1999, Davis filed a motion seeking a ruling on the pleadings. On February 24, 1999, the trial court entered an order granting defendant Kelly's motion. Davis now appeals both the dismissal of his claims against defendants Weatherford, Sanders, Bright and Flacy, and the entry of summary judgment in favor of defendant Kelly.

On appeal, Davis argues that the trial court erred in granting the defendants' motion to dismiss because the trial court failed to articulate any "factual or legal basis for its dismissal," and because it should have accorded his pro se complaint a liberal construction and construed his allegations as true. He argues that the trial court improperly granted defendant Kelly's motion for summary judgment because she did not file a separate concise statement of the disputed facts, because she did not indicate that she had any personal knowledge of the alleged actions, and because Davis had presented evidence that established a genuine issue of material fact.

Defendants Weatherford, Sanders, Bright and Flacy seek affirmance of the trial court's dismissal

of the claims against them. They rely on a variety of grounds. Defendant Weatherford relies on the doctrine of judicial immunity. Prosecutor Sanders relies on the doctrine of prosecutorial immunity. Defendants Bright and Flacy assert that they were not acting under color of state law, as required in order to make out a claim under 42 U.S.C. § 1983. All four defendants assert that Davis' suit is based on actions that occurred beyond the one year statute of limitations in Tennessee Code Annotated § 28-3-104, for civil actions brought under federal civil rights statutes.

Defendant Kelly argues that the trial court properly granted her summary judgment because Davis' Complaint does not demonstrate any genuine issues of material fact that would entitle him to relief. She asserts that, pursuant to local custom, she relied on Sanders's signed certificate of service, stating that Davis had been mailed a copy of the order. Even if Davis did not receive notice of the dismissal of his motion, Kelly argues that it would not constitute a denial of his meaningful access to the courts, since established law in Tennessee holds that, if a post conviction petitioner does not receive notice of the dismissal of his petition, he is entitled to a hearing on his petition.

We review both the trial court's dismissal of Plaintiff's claims against Weatherford, Sanders, Bright, and Flacy, and its grant of summary judgement to Kelly, *de novo*, with no presumption of correctness of the trial court's conclusions of law. Tenn. R. App. P. 13(d). On the trial court's grant of the four defendants' motion to dismiss:

> A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law.

*Pursell v. First American Nat. Bank, et al.*, 937 S.W.2d 838, 840 (Tenn. 1996). Since only questions of law are involved in the defendants' motion to dismiss, our review of the trial court's dismissal of the complaint is *de novo* with no presumption of correctness. *See Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996).

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law.

Tenn. R. Civ. P. 56.03. *See Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Id.* Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court.

Davis' lawsuit alleges a violation of the federal civil rights statutes at 42 U. S. C. §§ 1983 and 1985, and on Tennessee Code Annotated § 28-3-104. Tennessee Code Annotated § 28-3-104 provides a one year statute of limitations for civil actions brought under the federal civil rights statutes:

> (a) The following actions shall be commenced within one (1) year after the cause of action accrued:
> ****
> (3) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes;
> ****

Tenn. Code Ann. § 28-3-104(a). Thus, Davis' claims are subject to the one year statute of limitations in Tennessee Code Annotated § 28-3-104. *See Hoge v. Roy H. Park Broadcasting of Tennessee, Inc.*, 673 S.W.2d 157, 160 (Tenn. App. 1984). Claims based on Defendants' alleged actions more than one year prior to the filing of his complaint, including actions during Davis's 1982 murder trial, are therefore, barred by the one year statute of limitations.

The only alleged acts that occurred within one year preceding the July 14, 1997 filing of Davis' Complaint are: Bright's failure to respond to Davis' phone calls and letters and to amend the motion to reopen the post-conviction petition to include issues of discrimination; Weatherford's refusal to honor Davis' request for a new court-appointed attorney to replace Bright; Sanders' participation in the July 3, 1997 hearing, and Sanders' statement to Judge Weatherford that Weatherford had dismissed Davis' motion in June 1996. These claims are not barred by the one-year statute of limitations. Accordingly, we will now consider Davis' claims based on these acts. Davis first argues that the trial court's dismissal of his complaint against defendants Weatherford, Sanders, Bright and Flacy was error because the trial court did not state its reasons for dismissing the complaint.

The trial court is not required to state findings of fact or conclusions of law in ruling on a motion filed under Rules 12 or 56. *See* Tenn. R. Civ. P. 52.01. Therefore, the trial court was under no duty to make findings of fact or conclusions of law regarding its dismissal of Davis' claims.

Davis next argues that the trial court erred because it failed to liberally construe his pro se complaint and to take his allegations of fact as true.

When considering a party's motion to dismiss, a trial court is to liberally construe the plaintiff's complaint and to take all of its allegations of fact as true. *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975). The trial court is justified in granting the motion to dismiss only if such facts, taken as true, do not constitute a cause of action. *Cornpropst v. Sloan*, 528 S.W.2d 188, 190 (Tenn. 1975).

Davis' complaint was filed under two federal civil rights statutes, 42 U.S.C. §1983, and 42 U.S.C. § 1985. 42 U.S.C. § 1983 gives a cause of action against any person, who, under color of state law, deprives an individual of a right, privilege or immunity secured by the Constitution or federal law:

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . .

42 U.S.C. § 1983 (1994). We will consider the trial court's grant of the motion to dismiss as to each defendant.

Judge Weatherford asserts on appeal that the dismissal of Davis' claims against him should be affirmed based on the doctrine of judicial immunity. The doctrine of judicial immunity developed at common law to protect judges from civil suits for damages based on actions taken in their judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Id.* The immunity applies regardless of the judge's motive for his act, and is for the benefit of the public, to ensure that judges are at liberty to perform their judicial duties independently, and free from the fear that they may be sued for their actions. *Id. See also Heath v. Cornelius*, 511 S.W.2d 683, 684 (Tenn. 1974) (holding that allegations that judge acted with malice did not abrogate his judicial immunity for acts he took in his judicial capacity). In *Pierson*, 386 U.S. at 554, the United States Supreme Court held that judicial immunity extends to suits brought under 42 U.S.C. § 1983. In *Stump v. Sparkman*, 453 U.S. 349, *reh'g denied* 436 U.S. 951 (1978), *on*

*remand Sparkman v. McFarlin*, 601 F.2d 261 (7th Cir. 1979) the Court stated the standard for

determining whether an act is judicial:

> The relevant cases demonstrate that the factors determining whether an act is a "judicial"
> one relate to the nature of the act itself, i.e., whether it is a function normally performed
> by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge
> in his judicial capacity.

*Id.* at 362.

In this case, the act on which Davis bases his Section 1983 claim against Judge Weatherford is

Weatherford's refusal to replace Bright with another court appointed attorney. Under *Stump*, this act is

clearly judicial. Davis appealed to Judge Weatherford, in his judicial capacity, with the request that

Weatherford replace Bright with another attorney. Judge Weatherford refused that request. This is an

act normally performed by a judge, and immunity is attached to it. Davis' Section 1983 claim against

Judge Weatherford, therefore, is barred by the doctrine of judicial immunity. The trial court's dismissal

of the claims against Judge Weatherford is affirmed.

Sanders asserts on appeal that the dismissal of Davis' Section 1983 claim against him should be

affirmed, based on the doctrine of prosecutorial immunity. The doctrine of prosecutorial immunity, like

the doctrine of judicial immunity, developed at common law to free prosecutors from the threat of

lawsuits based on actions taken in the course of their prosecutorial duties. *Imbler v. Pachtman*, 424

U.S. 409, 422-23 (1976).

The same public policy considerations that lay beneath the development of the doctrine of

judicial immunity gave rise to the development of the doctrine of prosecutorial immunity:

> The common-law immunity of a prosecutor is based upon the same considerations that
> underlie the common-law immunities of judges and grant jurors acting within the scope
> of their duties. These include concern that harassment by unfounded litigation would
> cause a deflection of the prosecutor's energies from his public duties, and the possibility
> that he would shade his decisions instead of exercising the independence of judgment
> required by public trust.

*Id.* In *Imbler*, the U.S. Supreme Court held that prosecutorial immunity extends to actions brought

under 42 U.S.C. § 1983. "[A] prosecutor enjoys absolute immunity from § 1983 suits for damages

when he acts within the scope of his prosecutorial duties." *Id.* at 420.

The only act of Sanders alleged by Davis that occurred within the one year statute of limitations was Sanders' participation in the July 3, 1997, hearing in Judge Weatherford's courtroom. Davis alleges that Prosecutor Sanders reminded Judge Weatherford that Weatherford had already dismissed, in June 1996, Davis' motion to reopen the post-conviction petition. Sanders' participation in this hearing was clearly within the scope of his role as prosecutor. Consequently, Davis' claim against Sanders under Section 1983 is barred by the doctrine of prosecutorial immunity. The trial court's dismissal of the claims against Sanders is affirmed.

Defendants Bright and Flacy argue that the dismissal of Davis' claims against them should be affirmed because Davis' claim under 42 U.S.C. § 1983 is not based on actions they took under color of state law, which is an essential element to a Section 1983 claim. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the United States Supreme Court held that a public defender does not act under color of state law when representing a defendant in a state criminal proceeding. In this case, Davis bases his claim against both Bright and Flacy on actions that they took while representing him in his post conviction proceedings. Since those actions are not considered actions taken under color of state law, Davis cannot make out a viable 42 U.S.C. § 1983 claim against Bright and Flacy. In his Memorandum in Opposition to Defendants' Motion to Dismiss, Davis argues that Bright and Flacy were acting under color of state law because they were operating in a conspiracy with Weatherford, Sanders, and Kelly. He cites *Dennis v. Sparks*, 449 U.S. 24 (1980) for the proposition that private actors can be subject to a Section 1983 claim if involved in a conspiracy with a state actor. However, Davis makes no specific allegations of fact to support his claim of conspiracy. His conspiracy accusations consist of mere conclusory allegations, unsupported by any allegations of fact from which a reasonable trier of fact could find an illegal conspiracy. *See Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985)(citing *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) for proposition that a pleading containing nothing more than conclusory allegations is insufficient to state cause of action under Civil Rights Act). Therefore, the trial court's decision to grant Bright's and Flacy's motion to dismiss with regard to this claim is affirmed.

Davis also sues these Defendants under 42 U.S.C. § 1985, alleging that they engaged in a conspiracy to deprive him of equal protection of the laws, motivated by their animus towards him as a black man. Claims under this statute must be pleaded with specificity in order to withstand a motion to dismiss. *Martin v. Delaware Law School of Widener Univ.*, 625 F. Supp. 1288, 1297 (D.C. Cir. 1985), *aff'd*, 94 F.2d 1384 (3rd Cir. Del. 1989), *cert. denied*, 493 U.S. 966 (1989). The

plaintiff must support his allegations of conspiracy and race or class-based discrimination by specific facts; he cannot simply rely on conclusory allegations in his complaint. *Id.*

In this case, the only act that Davis alleges that could conceivably support an allegation of class-based discriminatory animus was Sanders' alleged discriminatory remarks during Davis's 1982 murder trial. This occurred well beyond the one-year statute of limitations for suits brought under the federal civil rights statutes. Davis alleges no act that occurred within one year prior to the July 14, 1997 filing of his civil rights complaint that shows either race-based animus on the part of these defendants, or the existence of a conspiracy. Therefore, Davis's complaint fails to state a claim under 42 U.S.C. § 1985, and the trial court's dismissal of Davis' claims against these defendants is affirmed.

Davis also appeals the trial court's grant of summary judgment in favor of Maury County Court Clerk Kathy Kelly, arguing that the trial court erred in granting her motion because Kelly did not provide a separate concise statement of the disputed facts and did not indicate any personal knowledge of the action, and because he had presented affirmative evidence to support his claims and establish the existence of a disputed issue of material fact.

Davis first argues that the trial court erred in granting Kelly's motion for summary judgment, alleging that Kelly failed to comply with Rule 56.03 of the Tennessee Rules of Civil Procedure, requiring that each motion for summary judgment be accompanied by a separate concise statement of the undisputed material facts. However, Davis points to no place in the record in which this issue was raised to the trial court. "It is well settled that issues not presented at trial cannot be raised for the first time on appeal." *Landry v. Dood*, 936 S.W.2d 635, 637 (Tenn. App. 1996). Moreover, Kelly's motion was in substantial compliance with Rule 56.03 of the Tennessee Rules of Civil Procedure. This issue is without merit.

Davis next argues that the trial court erred in granting Kelly's motion because her affidavit did not indicate that she had any personal knowledge of the alleged action. In Kelly's affidavit, she concedes that she did not mail a copy of any order of dismissal to Davis, but states that, according to established routine, she relied on Sanders' signed certificate of service as proof that a copy of the 1996

order of dismissal had in fact been sent to Davis. She further stated that, at that time, an order had not yet been entered from the July 3, 1997 hearing. She denied having tampered with any court documents, or having conspired with anyone to discriminate against Davis. Kelly's statements indicate personal knowledge of the material facts. This issue is without merit.

Lastly, Davis argues that the trial court erred in granting summary judgment in favor of Kelly because he had presented sufficient evidence to establish the existence of a genuine issue of material fact.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 [now Rule 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

In this case, Kelly submitted an affidavit establishing the pertinent facts. Davis was then required to demonstrate, by affidavits or discovery, that there was a genuine dispute regarding these facts. He failed to do so. Therefore, the trial court's decision to grant Kelly's motion for summary judgment is affirmed.

The decision of the trial court is affirmed. Costs are assessed against Appellant, for which execution may issue if necessary.

_____
**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**

_____
**ALAN E. HIGHERS, J.**