Scott N. Brown, Plaintiff in Error,

*v.*

George Dunstan, and Guaranty Mortgage Company,
Defendants in Error.

409 S.W.2d 365.

(*Knoxville,* September Term, 1966.)

Opinion filed November 14, 1966.

H. H. Gearinger, of counsel, Gearinger & Vineyard,
Chattanooga, for Scott N. Brown.

John T. Fort, Chattanooga, for William Dunstan and
Guaranty Mortgage Co.

Mr. Justice Dyer delivered the opinion of the Court.

The plaintiff in error, Scott N. Brown, appeals from the action of the trial judge in sustaining a demurrer to his declaration and dismissing the suit. In this opinion the parties will be referred to as in the trial court.

The declaration alleges defendants entered into a conspiracy to defraud and discredit him and to oust him from his position with First Trust Company and deliver First Trust Company to the defendant Guaranty Mortgage Company. Certain overt acts are alleged in accomplishing such and as a direct and proximate result plaintiff suffered damages of $750,000.00 in that: (1) he was and still is imprisoned for alleged wrongful acts, thereby depriving him of an opportunity to earn a living; (2) that he suffered the loss of his renumerative positions in First Trust Company; (3) the loss of approximately 70% of the stock of First Trust Company valued then at approximately $1,000,000.00; (4) and further loss of income otherwise than from First Trust Company; (5) that as a result of the wrongs of the defendants as charged, he, the plaintiff has wrongfully been reduced from his former position of wealth and position in the business and civic community of Chattanooga, Tennessee and the United States, all to the destruction and loss of the plaintiff's property, and all of which chain of actions had its origin in the conspiratorial acts of the defendants,

which continue to date, through and by which he has been reduced from a position of wealth and earning power to one of abject pauperism, imprisoned falsely, and otherwise prevented now and for the remainder of his life, from gaining material wealth or earning a living.

The wrongs alleged in the declaration occurred on or about 3 April, 1962. This suit was commenced by summons on 16 September 1963. The fact this action was not commenced within one year after the action accrued, as required by T.C.A. sec. 28-304, presents the issue in this case.

The trial judge sustained the 12th ground of the demurrer and dismissed the cause upon finding the declaration stated a cause of action "for injuries to the person" as this phrase is used in T.C.A. sec. 28-304. The trial judge in a memorandum opinion stated:

As to the 12th ground of the demurrer, as stated, the Court has carefully read the declaration and the Court is of the opinion that the last part of this suit is for "injuries to the person". While it may be argued that the predominant part of the declaration deals with property losses rather than personal injuries, it is difficult for this Court to state that the entire declaration as a whole does not, in fact, substantially allege some injuries to the person. The injuries to the person may become a more valuable right than injuries to the property; and after considering the declaration as a whole, the Court believes that the demurrer to the declaration should be sustained.

The trial judge cited the case of *Bland v. Smith,* 197 Tenn. 683, 277 S.W.2d 377, 49 A.L.R.2d 1212 (1955). The Bland case holds in determining the real purpose of a

suit the court must look to the basis for which damages are sought. In the case at bar a substantial part of the recovery sought is for damages done to plaintiff's reputation as a business man; father and respected man of society; humiliation, etc. These rights, so alleged to be damaged, are personal and would be included within "for injuries to the person" as this phrase is used in T.C.A. sec. 28-304.

The plaintiff takes the position the phrase "for injuries to the person" in T.C.A. sec. 28-304 has reference only to bodily injuries resulting from trauma. In support of this position plaintiff cites *Hackworth v. Ralston Purina Co.,* 214 Tenn. 506, 381 S.W.2d 292 (1964) and *Rheudasil v. Clower,* 197 Tenn. 27, 270 S.W.2d 345, 46 A.L.R.2d 1083 (1953). There are statements in these two cases the phrase "for injuries to the person" refers to bodily injuries, but this is not a holding this phrase is limited to include only bodily injuries. The point here raised is well reasoned in the Rhode Island case of *Commerce Oil Refining Corp. v. Miner,* R.I., 199 A.2d 606 (1964). In the Miner case the question was whether an action, based on malicious use of process, was barred by a statute of limitations applying to "injuries to the person." The Court said:

> The issue presented to us for decision clearly points up the ambiguity of the statutory language 'injuries to the person.'
>
> * * * did the legislature contemplate applying the two-year limitation to actions arising from bodily or physical injuries only or to apply it broadly to actions brought to recover damages arising out of the restriction, invasion, or impairment of rights and privileges which are personal to the suitor?

\* \* \* \* \* \*

It is then our conclusion that the phrase 'injuries to the person' as used in the instant statute is to be construed comprehensively and as contemplating its application to actions involving injuries that are other than physical. Its purpose is to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law. Such rights, of course, are to be distinguished from those which accrue to an individual by reason of some peculiar status or by virtue of an interest created by contract or property. 199 A.2d 606

Judgment affirmed.

BURNETT CHIEF JUSTICE, CHATTIN and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.