MRS. MARY C. CARNEY et al., Plaintiffs in Error,

*v.*

REESE L. SMITH, JR., et al., Defendants in Error.

437 S.W.2d 246.

(*Nashville,* December Term, 1968.)

Opinion filed January 31, 1969.

HENRY DENMARK BELL, Franklin, and WILSON N. WEST, Nashville, for plaintiffs in error.

GERALD MASON, Nashville, for R. L. Eatherly.

WARFIELD, ENTREKIN & JONES, Nashville, for Reese L. Smith, Jr., CHARLES H. WARFIELD, Nashville, of counsel.

MR. JUSTICE CRESON delivered the opinion of the Court.

Mary C. Carney and others seek review in this Court of a judgment of the Third Circuit Court of Davidson County, sustaining demurrers to the declarations and dismissing the causes.

Here, the parties will be designated as they appeared in the trial court; that it, Mrs. Mary C. Carney and others

as plaintiffs and Reese L. Smith, Jr. and others as defendants.

This litigation originated as seven separate actions. Because the several declarations and demurrers filed in the causes are virtually identical, the trial court disposed of the cases together. In view of the proceedings below and the fact that the separate cases arise from the same alleged wrong, they will be disposed of by single opinion in this Court as well.

In 1960, defendants purchased a tract of land in Davidson County, for the purpose of developing it as a residential subdivision. A number of plaintiffs' ancestors were interred in a family cemetery located on a portion of the tract.

In the declarations filed April 12, 1968, plaintiffs allege that defendants obliterated the cemetery between March, 1960 and July, 1962. Plaintiffs further allege they suffered "loss of property rights" in the cemetery, and "great mental pain and anguish."

Defendants demurred, insisting that the declarations themselves revealed that the actions attempted to be stated were not brought within the time allowed by either T.C.A. sec. 28-304, the one-year statute of limitation "for injuries to the person" or T.C.A. sec. 28-305, the three-year statute of limitation "for injuries to personal or real property." Plaintiffs, on the other hand, insist that actions of the kind here involved are restricted in time only by the provisions of T.C.A. sec. 28-310; and particularly by that clause referring to "all other cases not expressly provided for."

The trial court held that plaintiffs' actions were barred by T.C.A. sec. 28-304. That court concluded that the basis

of plaintiffs' actions was the mental pain and suffering occasioned plaintiffs by defendants' desecration of the cemetery; and that such mental suffering was an "injury to the person" within the meaning of T.C.A. sec. 28-304.

 The law of Tennessee recognizes a right to decent and undisturbed burial; and has long allowed actions for the desecration of cemeteries. See T.C.A. sec. 39-2101, *Hines v. State* (1911), 126 Tenn. 1, 149 S.W. 1058, 42 L.R.A.N.S., 1138; *King et al. v. Elrod et al.* (1953), 196 Tenn. 378, 268 S.W.2d 103.

This Court is thus called upon to decide which of the statutes of limitations contended for governs the period of time during which a damage action for desecration of a cemetery must be brought.

Plaintiffs argue that the right of action they assert has not been expressly provided for by the Legislature and that, therefore, such action is governed by T.C.A. sec. 28-310:

"28-310. *Actions of public officers' and fiduciary bonds —Actions not otherwise covered.*—Actions against guardians, executors, administrators, sheriffs, clerks, and other public officers on their bonds, actions on judgments and decrees of courts of record of this or any other state or government, and all other cases not expressly provided for, shall be commenced within ten (10) years after the cause of action accrued."

The defendants insist that plaintiffs' actions are barred by either T.C.A. sec. 28-304 or sec. 28-305:

"28-304. *Personal tort actions—Malpractice of attorneys—Statutory penalties.*—Actions for libel, for injuries to the person, false imprisonment, malicious

prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, and statutory penalties shall be commenced within one (1) year after cause of action accrued.''

''28-305. *Property tort actions—Statutory liabilities —Alienation of affections.*—Actions for injuries to personal or real property, actions for the detention or conversion of personal property, civil actions based upon the alleged violation of any federal statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability, and actions for alienation of affections, shall be commenced within three (3) years from the accruing of the cause of action.''

In the case of *Hackworth v. Ralston Purina Company* (1964), 214 Tenn. 506, 381 S.W.2d 292, this Court remarked upon the history and purpose of statutes of limitation:

''It is now the prevailing view that a statute of limitations is a statute of repose, the purpose or object of which is to compel the exercise of a right of action within a reasonable time. Such statutes are designed to prevent undue delay in bringing suits on claims, to the surprise of the parties and when the facts have become obscure from the lapse of time, the defective memory or death or absence of witnesses.

The presumption is that one having a well founded claim will not delay enforcing it beyond a reasonable time, if he has the power to sue. Such a statute is

remedial and in no manner affects the substantive rights of litigants. Such statutes are now considered wise and beneficent in their purpose and tendency; they are held to be rules of property vital to the welfare of society.''

█ It is well to observe that limitations of actions, apart from principles applicable in equity, are exclusively the creatures of the legislative branch of government; without other ancestry.

The rights of action asserted in the instant case may accurately be described as both nebulous and vicarious. Apparently the law acts at the insistence of the living to provide relief by damages for wrongs done to the burial place of the dead.

██ This Court has held that the word ''action'' as it is used in statutes of limitations, refers to and embodies the concept of subject matter or nature, and not form. *Bodne v. Austin* (1928), 156 Tenn. 353, 2 S.W.2d 100, 62 A.L.R. 1410. Thus, the limitation provided for in T.C.A. sec. 28-304 is applicable to all actions which have as their purpose recovery for an injury to the person.

█ The Court, in determining the purpose of an action, looks to the plaintiff's declaration. *Bland v. Smith* (1955), 197 Tenn. 683, 277 S.W.2d 377, 49 A.L.R. 2d 1212. Plaintiffs' declarations allege that they have suffered ''great mental pain and anguish'' and ''loss of property rights.'' Upon consideration of the declarations, it appears that the subject matter purpose of these lawsuits is to compensate plaintiffs for their mental suffering arising from desecration of their ancestors' burial plot. A suit to recover for mental pain and anguish is an action for injuries to the person within the meaning

of T.C.A. sec. 28-304. See *Brown v. Dunstan* (1966), 219 Tenn. 291, 409 S.W.2d 365.

The Davidson County Circuit Court, Judge Don R. Binkley, has prepared and filed in the record a thorough and discriminating memorandum opinion in support of his decision sustaining the demurrer. This has been of much assistance to this Court in resolving these controversies.

It results that the judgment of the trial court must be, and is, affirmed. Costs are taxed to the plaintiffs in error.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.