John C. SWAUGER and Margaret P. Swauger, Plaintiffs-Appellants,

v.

HAURY & SMITH CONTRACTORS, INC., Defendant-Appellee.

Supreme Court of Tennessee.

May 20, 1974.

Jacobs H. Doyle, John B. Wilkes, Nashville, for plaintiffs-appellants.

Charles H. Warfield, Farris, Warfield & Samuels, Nashville, for defendant-appellee.

OPINION

FONES, Justice.

Direct appeal was taken to this Court by the plaintiffs below, John and Margaret Swauger, from the dismissal of their complaint as barred by the statute of limitations contained in T.C.A. § 28–304. Said dismissal was the single error assigned in this Court.

For the purpose of ruling on the validity of such dismissal, the allegations of the complaint will be taken as true. Appellants allege that they contracted to purchase a home from Haury and Smith Contractors, Inc., appellee, on June 7, 1969, and received their deed on July 15, 1969. A Certificate of Guarantee was given the appellants, whereby appellee guaranteed the house for one year against defective

material and incompetent workmanship. That Certificate recites

"We are not liable under this agreement on Septic Tanks and overflows unless faulty workmanship is proven."

Appellants alleged that shortly after their occupancy of the home they noticed a "sewer odor" in the basement of the home and complained to various members of the appellee corporation. By November, 1969, it is further alleged, appellants noticed raw sewage at the base of the basement wall.

In April of 1970, the County Health Department ordered appellants to correct the situation, which notification appellants forwarded to appellee. Apparently, as a result thereof, appellee undertook, in May, 1970, to dig a well to correct the problems. The Health Department intervened to point out that such a well was illegal.

Neither the complaint nor the answer reveals any occurrences between May, 1970, and April, 1971, at which time appellants allege that they talked with appellee's vice-president, who refused to do anything further toward correcting the sewage problem, including refusing to fill up the well as he had promised.

Having been notified by the County Attorney that legal proceedings would be initiated against them if they failed to remedy the problem, appellants, in August, 1971, procured a concern to make necessary repairs on the septic tank and overflow field and

"learned for the first time that the problems were the result of faulty workmanship on the part of the defendant."

The final paragraph of the Complaint is of importance:

"As a result of the faulty workmanship of the defendant, the plaintiffs have been severely damaged and have paid out costs for repairs on the faulty overflow field, have had to pay for the costs of landscaping, have suffered inconvenience and loss of enjoyment of their home for a period of two years."

Appellants filed this suit on November 29, 1971.

■ Appellee relies upon several cases of this Court as authority for the proposition that whenever a case involved injuries to the person, T.C.A. § 28–304 is applicable, notwithstanding the presence of other non-personal injuries, such as property damage. The Court is cited to Carney v. Smith, 222 Tenn. 472, 437 S.W.2d 246 (1969); Brown v. Dunstan, 219 Tenn. 291, 409 S.W.2d 365 (1966), and Bland v. Smith, 197 Tenn. 683, 277 S.W.2d 377 (1965). A careful reading of these cases compels the conclusion that they stand instead for the proposition that the applicable statute of limitations in a particular cause will be determined according to the gravamen of the complaint.

In Brown v. Dunstan, supra, for example, the Court held the cause of action governed by T.C.A. § 28–304 in the following language:

"The trial judge cited the case of Bland v. Smith [citation]. The Bland case holds *in determining the real purpose of a suit the Court must look to the basis for which damages are sought.* In the case at bar *a substantial part of the recovery sought* is for damages done to plaintiff's reputation as a businessman; father and respected man of society; humiliation, etc. These rights, so alleged to be damaged, are personal and would be included within 'for injuries to the person' as this phrase is used in T.C.A. § 28–304." 219 Tenn. at 293–294, 409 S.W.2d at 367. (Emphasis supplied).

It is noteworthy that the Court in *Brown* took pains to define personal injury actions as those

"brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law. *Such rights, of course, are to be distinguished from those which accrue* to an individual by reason of some peculiar status or *by virtue of an interest created by contract or property*." 219 Tenn. at 295, 409 S.W.2d at 367. (Emphasis supplied).

In Bland v. Smith, supra, the Court notes that "In determining the real purpose or the gravamen of the action the Court must look to the basis for which damages are sought." 197 Tenn. at 686, 277 S.W.2d at 379. See also the further explanation of the *Bland* case in Hillhouse v. McDowell, 219 Tenn. 362, 365–366, 410 S.W. 2d 162, 163–164 (1966).

█ In our view, the complaint, quoted supra, is chiefly concerned with injuries done to property. The only "personal" elements of damage alleged by plaintiffs are "inconvenience and a loss of enjoyment of their home for a period of two years." Such damages arise wholly as a result of the injury to plaintiffs' property and not as a result of anything done personally to them.

Inasmuch as the gravamen of the complaint in the case at bar goes to recovery for an injury to property, we hold that the cause of action is not governed by T.C.A. § 28–304. Hence it was error for the trial judge to dismiss the complaint as barred by that statute. Moreover, as the limitations period under any of the remaining statutes of limitation is at least three years, appellants' cause of action would be timely filed regardless of which statute of limitations was applied.

For the foregoing reasons, the judgment below is reversed and remanded to the trial court for further proceedings.

DYER, C. J., McCANLESS, J., and JENKINS and LEECH, Special Justices, concur.