Patricia A. **HEADRICK**,
Plaintiff–Appellant,

v.

**UNION CARBIDE CORPORATION (LINDE DIVISION)**, Defendant–Appellee.

Court of Appeals of Tennessee,
Eastern Section.

July 26, 1991.

Permission to Appeal Denied by
Supreme Court March 9, 1992.

---

**1.** This issue was not properly raised in the motion for a new trial either.

Anthony M. Avery, Knoxville, for plaintiff-appellant.

E.H. Rayson and John C. Burgin, Jr., Kramer, Rayson, Leake, Rodgers & Morgan, Knoxville, for defendant-appellee.

## OPINION

FRANKS, Judge.

The trial court held the one-year statute of limitations applicable to plaintiff's claim for damages based upon an alleged retaliatory discharge, perpetrated by defendant. We affirm.

On October 1, 1987, plaintiff was injured while lifting a gas cylinder on a job. Shortly after, she filed a claim for workers' compensation benefits and the defendant fired her. Plaintiff was discharged on November 19, 1987 but this action for retaliatory discharge was not filed until March 26, 1990, more than one year after her termination.

■ The applicable statute of limitations to a particular cause is determined according to the gravamen of the complaint. *Vance v. Schulder,* 547 S.W.2d 927 (Tenn. 1977), citing *Brown v. Dunstan,* 219 Tenn. 291, 409 S.W.2d 365 (1966). Plaintiff's complaint alleges she was wrongfully discharged for making a workers' compensation claim and her inability to find another job means she had "lost earnings and suffered damages". She seeks $150,000.00 in compensatory and $100,000.00 in punitive damages.

■ To determine the real purpose of the claim, the court must look to the basis for damages. *Dunstan,* 409 S.W.2d at 367; *Bland v. Smith,* 197 Tenn. 683, 277 S.W.2d 377 (1955). Plaintiff asserts her discharge deprived her of wages to which she would otherwise be entitled as well as unspecified "damages". Authorities indicate damages in retaliatory discharge claims are for injuries personal to the employee.

In *Clanton v. Cain–Sloan Co.,* 677 S.W.2d 441 (Tenn.1984), the court said an employee at-will, like plaintiff, has an action for retaliatory discharge when the employer discharges the employee for filing a workers' compensation claim. The court did not alter the definition of an at-will employee, however, and at-will employees hired for an indefinite term may be discharged for any reason or no reason. 677 S.W.2d at 443. To argue that plaintiff's discharge damaged a property interest in her continuing employment undoes the meaning of at-will employment. To so hold would endow plaintiff with a property interest in her employment that she did not possess. *Cain–Sloan* recognizes the tort of retaliatory discharge, not as a way to insure employment but as a means to guard against retaliation for asserting statutory rights to workers' compensation benefits. Accordingly, without a property interest in employment, the employee's damages for discharge must be personal.

In *Brown v. Dunstan,* 409 S.W.2d 365, the Tennessee Supreme Court distinguished personal injuries from property damages as follows:

[I]t is then our conclusion that the phrase "injuries to the person" as used in the instant statute is to be construed comprehensively and as contemplating its application to actions involving injuries that are other than physical. Its purpose is

to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law. Such rights, of course, are to be distinguished from those which accrue to an individual by reason of some peculiar status or by virtue of an interest created by contract or property.

In a retaliatory discharge case, the employer uses the threat of unemployment to deter an employee from receiving benefits to which the employee is entitled merely by being an employee injured on the job. Accordingly, "the invasion of rights" in a retaliatory discharge is perforce personal.

In *Byrne v. Commissioner of IRS*, 883 F.2d 211 (3rd Cir.1989), a settlement for FLSA retaliatory discharge claim was properly excluded from an employee's tax liability because the money was for personal injuries. According to *Byrne*, the Third and Ninth Circuit Courts agree that:

> The non-personal consequences of a personal injury, *such as a loss of future income*, are often the most persuasive means of proving the extent of the injury that was suffered. The personal nature of an injury should not be defined by its effect. *Id.*, at 213 (emphasis supplied.)

*Byrne*'s analysis was cited with approval in a recent analogous case by the Sixth Circuit in *Pistillo v. Comm'r of IRS*, 912 F.2d 145 (6th Cir.1990), where the court reviewed cases from the Third, Ninth and Tenth Circuits which hold damages incurred by victims of retaliatory discharge, age discrimination, and sex discrimination are personal injury damages. *Pistillo* had sought lost wages in an ADEA action. The court held that the employer that settled Pistillo's claim had invaded rights he was granted by virtue of being a person in the sight of the law. 912 F.2d at 150. His suit for lost wages, a substantial non-personal consequence of the age discrimination, did not transform the discrimination into a non-personal injury.

Accordingly, we agree with the trial court that the one-year statute of limitation bars this action. We affirm the judgment of the trial court and remand, with cost of appeal assessed to appellant.

GODDARD and McMURRAY, JJ., concur.