IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

February 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

PATRICIA STEPHENS and husband, ) C/A NO. 03A01-9708-CV-00351
CHRIS STEPHENS, )
                                       ) LOUDON CIRCUIT
    Plaintiffs-Appellants, )
                                        ) HON. RUSSELL E. SIMMONS, JR.,
v. ) JUDGE
                                        )
REVCO DISCOUNT DRUG )
CENTERS, INC., ) AFFIRMED
                                        ) AND
    Defendant-Appellee. ) REMANDED

JOHN P. NEWTON, JR., McGEHEE & NEWTON, Knoxville, for Plaintiffs-Appellants.

BARRY K. MAXWELL and MARY JANE BORDEN, EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C., Knoxville, for Defendant-Appellee.

**O P I N I O N**

Franks, J.

In this action, the Trial Court granted summary judgment to defendant on the basis that the cause of action was barred by the one-year statute of limitations. Plaintiffs have appealed.

The complaint complains of defendant's pharmacist improperly filling a prescription on the 22nd day of June, 1991 for plaintiff Patricia. The complaint was filed on February 18, 1997, and the record establishes that virtually the same complaint had previously been filed on June 10, 1992 and was voluntarily dismissed

on March 15, 1994, and again filed on February 18, 1995 and voluntarily dismissed on March 4, 1996.

Plaintiffs insists that the cause of action sounds in contract, and hence, the six-year statute of limitations is applicable.

The Supreme Court has said "action" as used in the statutes of limitation refers to and embodies concepts of subject matter and the nature of the action is not determined by the form of the complaint. *Carney v. Smith*, 437 S.W.2d 246 (Tenn. 1969). The rule is well established in this jurisdiction that the gravamen of the action, rather than its designation as an action in tort or contract, determines the applicable statute of limitations. This rule was recently applied by the Supreme Court in *Mike v. Po Group, Inc.,* 937 S.W.2d 796 (Tenn. 1996). The Court in that opinion at page 793, said:

> Since summary judgment was granted on the ground that the plaintiffs' causes of action were barred by the one year statute of limitations, the Court must determine which statute of limitations applies to the plaintiffs' suit, which depends upon the nature of the cause of action alleged. The gravamen of a complaint and the injury alleged determine which statute of limitations applies. *Vance v. Schulder,* 547 S.W.2d 927, 931 (Tenn. 1977). To ascertain the gravamen of the action, the Court must look to the basis for which damages are sought. *Bland v. Smith*, 197 Tenn. 683, 277 S.W.2d 377, 379 (1955).

The complaint in this cause alleges that defendant filled a prescription for Carisoprodol for Patricia, and after taking the prescription she became violently ill and discovered that "penicillin was placed in the bottle by the Revco pharmacist in error, rather than Carisoprodol, and taken by the plaintiff, proximately causing her injury." The complaint further alleged that the defendant owed a duty of due care to plaintiffs in filling the prescription, and that it breached the duty of care "by acting in a grossly negligent manner by giving penicillin to the plaintiff, rather than Carisoprodol." The complaint concludes that plaintiff "was physically injured and suffered great pain and discomfort" and the plaintiff's damages were "as a direct and

proximate cause of the defendant's gross negligence."[1]

The sum and substance of plaintiffs' complaint alleges tortious conduct, and when the rule that the gravamen of the complaint determines the applicable statute of limitations is applied, it is clear that the Trial Judge acted properly in dismissing this complaint on the grounds the one year statute of limitations barred the maintenance of this action.

Accordingly, we affirm the judgment of the Trial Court and remand at appellants' cost.

_____
Herschel P. Franks, J.

CONCUR:

_____
Charles D. Susano, Jr., J.

_____
Don T. McMurray, J.

---

[1]

The husband's claim was for loss of consortium.