IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 13, 2005 Session

## HENRY KENT SUDBERRY v. ROYAL & SUN ALLIANCE, ET AL.

**Appeal from the Circuit Court for Rutherford County**
**No. 47920     Robert E. Corlew, Judge**

——————————

**No. M2005-00280-COA-R3-CV - Filed on July 27, 2006**

——————————

Trial court granted motion to dismiss tort claims as barred by statute of limitations where the injury alleged was loss of employment. To the extent the employee alleged he had a contract for continued employment, his complaint was not subject to Tenn. R. Civ. P. 12.02(6) dismissal because the three year statute of limitations applies to cases involving loss of property, including contractual rights.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part, Reversed in Part**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

David H. Dunaway, LaFollette, Knoxville, for the appellant, Henry Kent Sudberry.

Larry G. Trail, Murfreesboro, Tennessee, for the appellees, Royal & Sun Alliance, Investigations and Intelligence Services, Inc.

## OPINION

This matter comes to us after the trial court dismissed plaintiff's action as barred by the statute of limitations. The issue on appeal is whether the one (1) year statute of limitations of Tenn. Code Ann. § 28-3-104(a)(1), governing personal injury, or the three (3) year statute of limitations of Tenn. Code Ann. § 28-3-105, governing property damage, applies to tort claims where the resulting injury is loss of employment.

Mr. Sudberry brought suit against numerous defendants claiming that their allegedly tortious conduct caused the loss of Mr. Sudberry's job at Nissan. According to Mr. Sudberry's complaint, he is a 54 year old man who had been employed by Nissan for approximately 18 years before he was wrongfully terminated, as a result of defendants' actions, on December 12, 2000.

This suit arose out of Mr. Sudberry's workers' compensation claim involving injuries sustained while employed by Nissan. Apparently, Nissan's workers' compensation carrier, defendant Royal & Sun Alliance ("Royal"), hired defendant Investigations and Intelligence Services, Inc. ("Investigations") to investigate Mr. Sudberry's claim. According to the complaint, the defendants, composed of Royal, Investigations, various Nissan employees, and a physician, sought to have Mr. Sudberry fired for violation of company rules while knowing there were in fact no such violations. Mr. Sudberry's employer, Nissan, is not a party to this lawsuit. Plaintiff alleges defendants conspired to have Mr. Sudberry fired "in order to retaliate against [him] for [his] having filed a workers' compensation claim and in order to allow the plaintiff to be replaced by a younger employee and/or other employees who were not as vested with employment rights as [Mr. Sudberry]."

According to plaintiff's complaint, the defendants' behavior amounts to "a tortious interference and/or an intentional interference with an employment relationship" between Mr. Sudberry and Nissan. In addition, plaintiff alleges the defendants placed him in a "false light," retaliated against him for filing a worker's compensation claim, and violated Tenn. Code Ann. § 47-50-409, which prohibits procurement of breach of contract.

While it is not entirely clear, Mr. Sudberry appears to allege alternative theories of recovery or, at least, alternative characterizations of his employment relationship with Nissan. He alleged both: (1) that he had mere expectancy of continued employment with Nissan and, alternatively, (2) that he had a contract of continued employment with Nissan. Specifically, regarding his future prospects with Nissan, Mr. Sudberry alleges the following in his complaint:

> **Based upon the length of the Plaintiff's employment and the Plaintiff's work record, the Plaintiff believed that he had a secure job** until his retirement or unless he committed some act or omission that provided a good cause to terminate him from his employment. The Plaintiff had planned to remain with his employer until he retired . . . .
>
> [t]he Plaintiff, . . . had an **expressed and/or otherwise an implied contract of continued employment** with his employer, and the Plaintiff had a property interest in his labor and the right to work at his position without unjustified interference by the Defendants. (emphasis added).

Mr. Sudberry alleges that, due to the defendants' tortious actions, he lost his job with Nissan, resulting in loss of wages, inability to accrue additional pension benefits and loss of insurance. Mr. Sudberry maintains that his loss of employment, and defendants' actions, exacerbated his diabetes, caused severe emotional distress, and damaged his standing in the community.

Mr. Sudberry filed his complaint on February 26, 2003, more than two years after his termination. The trial court granted defendants' motions to dismiss finding that the one-year period of Tenn. Code Ann. § 28-3-104 governed and that plaintiff's action was time barred. Mr. Sudberry

appeals and argues that his claim alleges a tort against property and, consequently, that the three (3) year period in Tenn. Code Ann. § 28-3-105 governs.

## I. STANDARD OF REVIEW

A Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint itself. *Willis v. Dept. of Corrections*, 113 S.W.3d 706, 710 (Tenn. 2003); *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). The standard of appellate review of a dismissal under Rule 12.02(6) requires that we take the factual allegations in the complaint as true. *Willis*, 113 S.W.3d at 710. The trial court should grant a motion to dismiss only "when it appears that the plaintiff can prove no set of facts in support of the claim that would entitled the plaintiff to relief." *Willis*, 113 S.W.3d at 710. The issue presented to us involves the interpretation and application of statutes of limitations. Since review of the trial court's interpretation of a statute of limitations is a question of law, our review is *de novo*, without a presumption of correctness. *Fahrner v. SW Manufacturing, Inc.*, 48 S.W.3d 141, 144 (Tenn. 2001).

## II. ANALYSIS

Tennessee Code Annotated § 28-3-104(a)(1) provides that actions for "injuries to the person" must be commenced within one year after the cause of action accrued. When the action is for "injuries to personal . . . property," Tennessee Code Annotated § 28-3-105(1) provides the period is three (3) years. The parties appear to agree that the action accrued upon Mr. Sudberry's termination. The question then is whether his action is for injury to Mr. Sudberry's property or to him personally.

In order to make this determination, we must look to the "gravamen" of the complaint. *Gunter v. Laboratory Corporation of American*, 121 S.W.3d 636, 638 (Tenn. 2003); *Tip's Package Store, Inc. v. Commercial Ins. Managers, Inc.*, 86 S.W.3d 543, 551 (Tenn. Ct. App. 2001). For purposes of deciding which statute of limitation applies, the "gravamen" of the complaint is determined on the basis of the claimed damage. *Gunter*, 121 S.W.3d at 641-42; *Tip's Package Store*, 86 S.W.3d at 551. Thus, although Mr. Sudberry has alleged various causes of action, that is not the determinative factor. The applicability of either statute of limitation at issue herein must be determined by the type of injury alleged because the legislature has defined the limitations period of Tenn. Code Ann. §§ 28-3-104 and 105 by reference to the injury sustained.

Our Supreme Court in *Gunter v. Laboratory Corporation of America*, *supra*, has recently reiterated how we are to distinguish injuries to the person under the one-year period of Tenn. Code Ann. § 28-3-104 from injuries to property under Tenn. Code Ann. § 28-3-105. It is clear that our courts have historically described "injuries to the person" in Tenn. Code Ann. § 28-3-104 as encompassing more than simply bodily injury. *Gunter*, 121 S.W.3d at 642; *Tip's Package Store*, 86 S.W.3d at 551.

Inclusion of the phrase "injuries to the person" in Tenn. Code Ann. § 28-3-104 is intended to provide a limitations period for actions brought for injuries caused by invasion of rights that "inhere in man as a rational being" or rights that one is entitled to by simply being a person in the eyes of the law. *Gunter*, 121 S.W.3d at 642 (quoting *Brown v. Dunston*, 219 Tenn. 291, 409 S.W.2d 365, 367 (1966). These rights are distinguished from rights that exist by virtue of property ownership or contract. *Gunter*, 121 S.W.3d at 642 (quoting *Brown v. Dunstan*, 219, 409 S.W.2d 365, 367 (1966).

In this case, the injury from which all other alleged damages flow is the termination of Mr. Sudberry's employment. If Mr. Sudberry had a contract for continued employment or for employment for a definite term that had not yet expired, then his injury arises by virtue of losing his contract right, which is property. If, on the other hand, Mr. Sudberry did not have a contract of continued employment, then his injury does not arise from a loss of a property or contractual interest and is a personal injury.[1]

This conclusion is supported by the Tennessee Supreme Court's decision in *Weber v. Moses*, 938 S.W.2d 387 (Tenn. 1986), wherein the Court decided which statute of limitations governs when the tort of retaliation is alleged resulting in the loss of a job. In *Weber*, the plaintiff alleged that his employer terminated his employment contract because the plaintiff hired a black woman. *Id*. at 389. The employment contract at issue provided that it could be terminated by either party upon written notice. *Id*. at 388. Thereafter, the plaintiff sued his employer for, among other things,[2] the tort of retaliatory discharge. *Id*. at 393. The court in *Weber* found that the statute of limitations for the tort of retaliatory discharge is governed by the general tort statute of limitations of Tenn. Code Ann. § 28-3-104, which is one year. *Id*. at 393.

In reaching this conclusion, the *Weber* court favorably cited the Court of Appeals decision in *Headrick v. Union Carbide Corp.*, 825 S.W.2d 424 (Tenn. Ct. App. 1991). In *Headrick*, the plaintiff filed a retaliatory discharge claim alleging she lost her job because she filed for workers' compensation benefits. *Id*. at 425. She claimed lost wages as a result of losing her job. *Id*. We believe the reasoning in *Headrick* is applicable to the issue before us:

> To determine the real purpose of the claim, the court must look to the basis for damages. *Dunstan*, 409 S.W.2d at 367; *Bland v. Smith*, 197 Tenn. 683, 277 S.W.2d 377 (1955). Plaintiff asserts her discharge deprived her of wages to which she would otherwise be entitled as well as unspecified "damages." Authorities indicate damages in retaliatory discharge claims are for injuries personal to the employee.

---

[1] While it is true that an individual has a "property interest in his labor," *Ladd v. Roane Hosiery*, 556 S.W.2d 758, 760 (Tenn. 1977), this is the type of right an individual has by virtue of being a person, not by virtue of a special legal status, such as a party to a contract.

[2] Mr. Weber also brought a retalitory discharge claim under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-311, which is governed by a one-year limitation period. *Weber*, 938 S.W.2d at 390.

In *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984), the court said an employee at-will, like plaintiff, has an action for retaliatory discharge when the employer discharges the employee for filing a workers' compensation claim. The court did not alter the definition of an at-will employee, however, and **at-will employees hired for an indefinite term may be discharged for any reason or no reason**. 677 S.W.2d at 443. To argue that plaintiff's discharge damaged a property interest in her continuing employment undoes the meaning of at-will employment. **To so hold would endow plaintiff with a property interest in her employment that she did not possess**. *Cain-Sloan* recognizes the tort of retaliatory discharge, not as a way to insure employment but as a means to guard against retaliation for asserting statutory rights to workers' compensation benefits. **Accordingly, without a property interest in employment, the employee's damages for discharge must be personal.**

In *Brown v. Dunstan*, 409 S.W.2d 365, the Tennessee Supreme Court distinguished personal injuries from property damages as follows:

> [I]t is then our conclusion that the phrase "injuries to the person" as used in the instant statute is to be construed comprehensively and as contemplating its application to actions involving injuries that are other than physical. Its purpose is to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law. Such rights, of course, are to be distinguished from those which accrue to an individual by reason of some peculiar status or by virtue of an interest created by contract or property.

In a retaliatory discharge case, the employer uses the threat of unemployment to deter an employee from receiving benefits to which the employee is entitled merely by being an employee injured on the job. Accordingly, "the invasion of rights" in a retaliatory discharge is perforce personal.

*Id.* at 425-26, (emphasis added). The Court in *Headrick* also noted that damages for retaliatory discharge were treated as personal injury damages for federal tax purposes. *Id.* at 426.

Thus, in deciding whether Tennessee Code Annotated § 28-3-105 applies to a tort action where the alleged injury is loss of employment, the determinative consideration is whether the

plaintiff had a contract for continued or future employment, *i.e.*, whether the contract of employment is for a definite term or terminable at will.[3]

We find that where the employment relationship is for a definite term, *i.e.* not terminable at will, then an interest in an employment contract is damaged thereby triggering the three (3) year period of Tenn. Code Ann. § 28-3-105. Otherwise, if the employment relationship is not for a definite term and/or is terminable at will then no property interest in future employment exists to be damaged thus falling under injury to the person pursuant to Tenn. Code Ann. § 28-3-104.

As discussed earlier, this appeal is from an order granting the defendants' motion to dismiss. Consequently, we must regard all factual allegations in the complaint as true and construe them in the light most favorable to Mr. Sudberry. While the defendants' argued that Mr. Sudberry's employment was terminable at will, there is nothing in the record at this stage regarding the basis for this argument. In his complaint, Mr. Sudberry alleged that he had an express or implied contract with Nissan for continued employment. We, therefore, construe the allegation of "continued employment" to mean that Nissan or Mr. Sudberry could not terminate this contract at will. Consequently, Mr. Sudberry alleged, at least as an alternative theory of recovery, that the actions of defendants deprived him of his contract of continued employment with Nissan, which is an injury to property.

Since the Mr. Sudberry alleged that his contract with Nissan was one for continued employment, we find, for purposes of the motion to dismiss only, that he alleged damages caused by loss of a contract and this claim is subject to the three (3) year limitations period of Tenn. Code Ann. § 28-3-105. Dismissal of this part of plaintiff's claim is reversed. Of course, the defendants may later attempt to establish that Mr. Sudberry had no contract for continued employment, and, if they are successful, his claims would be subject to dismissal because they were not filed within the one-year statute of limitations.

---

[3]We are not persuaded by plaintiff's argument that the three (3) year period of Tenn. Code Ann. § 28-3-105 automatically applies to any claim of inducement of breach of contract and unlawful interference with a business. First, it is clear that the cause of action does not determine the applicability of a limitation period. The statutes at issue provide limitations periods by reference to what is damaged. We must do likewise. Further, none of the cases cited by plaintiff appear to discuss the statute of limitations where the allegedly tortious act interfered with an employment relationship that was terminable at will or of an indefinite time period. *See Carruthers Ready-Mix, Inc. v. Cement Masons Local Union*, 779 F.2d 320, 324 (6th Cir. 1985) (involved action by subcontractor against union which was allegedly trying to get general contractors to boycott the subcontractor); *Harvey v. Martin*, 714 F.2d 650, 651 (6th Cir. 1983) (employment relationship at issue with U.S. Postal Service subject to civil service); *Smith v. Rosenthal Collins Group, LLC*, 340 F.Supp2d 860, (W.D. Tenn. 2004) (plaintiff alleged an independent Contractor's Agreement without further detail); *Edwards v. Travelers Insurance of Hartford, Conn.*, 563 F.2d 105, 115-16 (6th Cir. 1977) (alleged interference with attorney/client relationship); *Collins v. Greene County Bank*, 916 S.W.2d 941, 947 (Tenn. Ct. App. 1955) (alleged interference with business relationship and financial backing); *Lyne v. Price*, No. W2000-00870-COA-R3-CV, 2002 WL 1417177, (Tenn. Ct. App. June 27, 2002) (involved intentional interference with employment relationship terminable at will but did not address statute of limitations issue).

To the extent that Mr. Sudberry plead alternative claims that are based upon an employment relationship of an indefinite term or terminable at will, such claims are governed by the one (1) year period of Tenn. Code Ann. § 28-3-104. Dismissal as to those claims is affirmed.

## III. Conclusion

The judgment of the trial court is affirmed in part, and reversed reversed in part, and the matter is remanded. Costs are assessed against appellees, Royal & Sun Alliance, Investigations and Intelligence Services, Inc., for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE